WOLLMUTH MAHER & DEUTSCH LLP
William F. Dahill
Jennifer L. Rudolph
500 Fifth Avenue, 12th Floor
New York, New York 10110
(212) 382-3300

*Attorneys for Plaintiff Chamberlain Lousiville, LLC*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
CHAMBERLAIN LOUISVILLE, LLC,           :       07-CV-8153 (DAB/FM)
                                        :
        Plaintiff,                    :
                                        :
    -against-                           :
                                        :
HUA LIN, d/b/a                          :
ASIAN BUFFET GROUP,                     :
                                        :
        Defendant.                    :
                                        :
-----------------------------------------------------------------x

### MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S APPLICATION FOR ENTRY OF JUDGMENT BY DEFAULT

Pursuant to Federal Rule of Civil Procedure 55(b), plaintiff Chamberlain Louisville, LLC ("Chamberlain" or "Plaintiff"), by and through its attorneys Wollmuth Maher & Deutsch LLP, respectfully submits this memorandum of law in support of its application for judgment by default against defendant Hua Lin, d/b/a Asian Buffet Group ("Lin" or "Defendant").

## STATEMENT OF FACTS

On or about August 1, 2006, Lin entered into a Retail Lease Agreement (the "Lease") with KJS, LLC, Chamberlain's predecessor in interest, for certain real estate located at 11300 Chamberlain Lane, Louisville, Kentucky (the "Leased Premises"). A copy of the Lease is annexed as Exhibit A to the Complaint, which in turn is annexed as Exhibit A to the Affidavit of Gordon Christopher Harriss sworn to January 16, 2008 (the "Harriss Aff."). The term of the Lease is five (5) years. Harriss Aff. Ex. A at Ex. A. Pursuant to Article 3 of the Lease, Defendant is required to make payments of "Minimum Rent" and "Additional Rent" (collectively "Rental") on a monthly basis. Id. In addition to executing the Lease, Lin also executed a Personal Guarantee (the "Guarantee") to Chamberlain, assuming all liability in the event of breach of the lease. Id. Lin executed the Guarantee, listed his address as 24 James Street, Apt. 1A, New York, New York, 10038 thereon, and provided a telephone number with a New York City mobile area code. Id.

Despite entering into the Lease (under the business name Asian Buffet Group) and personally guaranteeing payment under the Lease, since February, 2007, Lin has failed to make Rental payments to Chamberlain pursuant to the Lease, and in contravention of the terms of the Lease, has not operated on a continuous basis since at least May 9, 2007. See Affidavit of Donald J. Smith (the "Smith Aff.") at ¶ 5. On or about July 5, 2007, Indiana counsel for

Chamberlain notified Lin of his defaults under the Lease, which then constituted at least $35,096.55 in past due rent, plus late fees, interest and attorneys' fees. See Harriss Aff. Ex. A at Ex. B. This letter went unanswered. See Smith Aff. at ¶ 6. It was then discovered that Lin had removed a significant amount of the expensive fixtures formerly located at the Leased Premises and owned by Chamberlain, without Chamberlain's knowledge or approval. Id. at ¶ 7. Presently, due to both the failure to make Rental payments under the Lease and Lin's conversion of Chamberlain's property,[1] Chamberlain has been damaged by Lin in an amount no less than $378,281.55, plus costs and attorneys' fees. Id. at ¶ 11.

Accordingly, Chamberlain initiated the instant action by filing the summons and complaint on September 18, 2007 and serving Lin on October 3, 2007 by both affixing copies of the summons and complaint at the James Street address provided by Lin as part of the Guarantee, as well as mailing copies to the same address.[2] See Harriss Aff. at ¶ 5. In an effort to give Lin further notice of the present action, Chamberlain's attorneys went beyond their obligations under the Federal Rules of Civil Procedure, and attempted to contact Lin at two different telephone numbers, including one provided by Lin in connection with his execution of the Guarantee. See Harriss Aff. at ¶¶ 7-9. Messages left at this number, as well as another number provided to the property manager, failed to generate any response by Lin. Id.

## ARGUMENT

Despite being properly served at the address Lin provided when executing the Guarantee, and despite Chamberlain's good-faith efforts to effectuate notice of this action via

---

[1] Pursuant to Article 25 of the Lease, Plaintiff and Defendant stipulated that Indiana law governs the terms of the Lease. See Harriss Aff. Ex. A at Ex. A, Art. 25. Pursuant to Ind. Code §§ 34-24-3-1 and 35-43-4-3, Plaintiff is entitled to treble damages for Defendant's willful conversion of Plaintiff's fixtures.

[2] Numerous attempts at personal service were unsuccessful, as documented by the Affidavit of Service, annexed as Exhibit B to the Harriss Aff.

2

other means, Lin has failed to appear, answer or otherwise defend himself. Given that Lin is neither a minor, mentally incompetent or serving in the United States Military (See Harriss Aff. at ¶ 11 and Ex. C), and that he has had significant time to answer the complaint (as noted *infra*, Lin's answer was due October 26, 2007), but has chosen not too, default judgment is appropriate. See Federal Rules of Civil Procedure ("F.R.C.P.") 12(a) and 55(b)(2).

As noted above, in an effort to ensure this action was disposed of on the merits, Plaintiff has taken extra steps to try to effectuate notice to Lin about this action, to wit, leaving messages at two different numbers provided by Lin. Harriss Aff. ¶¶ 7-9. One of the numbers— the one provided by Lin on the Guarantee—appears to have been fabricated, and the other has failed to generate a response by Lin. Id. Under the circumstances, given that defendant Lin was properly served at the address he provided to Plaintiff upon execution of the Guarantee, and that the due date for his answer was October 26, 2007,[3] this Court should enter default judgment against Lin. See Beller & Keller v. Tyler, 120 F.3d 21, 25-26 (2d Cir. 1997) (where service of summons was effectuated on New York defendant by 'nail-and-mail' service permitted under New York law, a defendant has twenty days in which to respond, with the possibility of three extra days due to mailing; where answer was due on a given date, entry of default judgment twelve days later appropriate).

There is no question that Lin entered into the Lease, executed the Guarantee with a New York address and telephone number that he himself provided, and has been properly served at that address. Accordingly, an order of default judgment should be entered.

## CONCLUSION

For the foregoing reasons, Plaintiff Chamberlain Louisville, LLC respectfully

---

[3] Lin was served on October 3, 2007. Allowing twenty days to respond as per F.R.C.P. 12(a) and assuming Lin had three extra days to respond pursuant to F.R.C.P. 5(b) (given that service was effectuated, in part, via first class mail), Plaintiff calculates Defendant's answer to have been due on or before October 26, 2007.

3

moves the Court to enter a default judgment against defendant Hua Lin.

Dated: New York, New York
      January 22, 2008

WOLLMUTH MAHER & DEUTSCH LLP

By: _____
    William F. Dahill
    Jennifer L. Rudolph
    500 Fifth Avenue
    New York, New York 10110
    (212) 382-3300

*Attorneys for Plaintiff Chamberlain Louisville, LLC*

4