UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
CHAMBERLAIN LOUISVILLE, LLC,  :  07-CV-8153 (DAB/FM)
:
        Plaintiff,  :
:
    -against-  :
:  **AFFIDAVIT IN SUPPORT**
HUA LIN, d/b/a  :  **OF PLAINTIFF'S**
ASIAN BUFFET GROUP,  :  **APPLICATION FOR ENTRY**
:  **OF JUDGMENT BY DEFAULT**
        Defendant.  :
:
------------------------------------------------------------------x

STATE OF NEW YORK   )
                         ) ss.:
COUNTY OF NEW YORK )

      Gordon Christopher Harriss, being duly sworn, deposes and says:

      1.    I am a member of the Bar of this Court and am associated with the firm of Wollmuth Maher & Deutsch LLP, attorneys for plaintiff in the above-captioned action and I am familiar with all the facts and circumstances in this action.

      2.    I make this affidavit pursuant to Rules 55.1 and 55.2(b) of the Local Civil Rules of the Southern District of New York, in support of plaintiff's application for the entry of a judgment by default against defendant.

      3.    This is an action to recover monies owed by defendant to plaintiff for rent due and owing pursuant to a Retail Lease Agreement (the "Lease"), as well as for treble damages for conversion of plaintiff's property by defendant pursuant to Indiana law, which governs the Lease. Defendant Hua Lin, d/b/a Asian Buffet Group, executed a Personal Guarantee (the "Guarantee") for payments required under the Lease with KJS, LLC, plaintiff's predecessor in

interest. Defendant listed his address on the Guarantee as 24 James Street, Apt. 1A, New York, New York, 10038.

4. Jurisdiction of the subject matter of this action is based on diversity jurisdiction 28 U.S.C. § 1332(a) because the parties are citizens of different states, and the amount in controversy is in excess of $75,000.00.

5. This action was commenced on September 18, 2007 by the filing of the summons and complaint. Plaintiff's agent made numerous attempts to personally serve defendant at defendant's home address as provided by defendant in connection with his execution of the Guarantee. After numerous attempts without success, plaintiff's agent effectuated service on defendant on October 3, 2007 by both affixing true and correct copies of the summons and complaint to the address defendant listed on the Guarantee, as well as mailing true and correct copies of the summons and complaint to the same address, pursuant to Federal Rule of Civil Procedure 4(e)(1) and New York's Civil Practice Law and Rules Section 308. A copy of the summons and complaint is annexed hereto as Exhibit A,[1] and a copy of the affidavit of service upon defendant is annexed hereto as Exhibit B and was filed with the Court on October 8, 2007.

6. Pursuant to Federal Rules of Civil Procedure 5(b)(2), 6(b) and 12(a)(1)(A), the time within which the defendant may answer or otherwise move with respect to the complaint herein expired on October 26, 2007, after being served on October 3, 2007 and thus allowing twenty days to respond (plus three extra days out of an abundance of caution). Defendant has not answered or otherwise moved with respect to the complaint, and the time for defendant to do so has not been extended.

---

[1] A copy of the Guarantee appears at the end of Exhibit A to the Complaint.

7. On Monday, October 29, 2007, after defendant's time to respond to the complaint had expired, I personally left a voicemail message at the telephone number provided by defendant on the Guarantee, 917-903-2735, indicating that I was counsel to plaintiff, that a summons and complaint had been filed with the Court against defendant based on the Lease and Guarantee, that copies of the summons and complaint had been left with and mailed to the address provided by defendant on the Guarantee, and that if defendant did not respond to the complaint, that plaintiff may move for default judgment.

8. Later that day, I received a call back from a person named Mitchell Casper regarding the message I had left with the telephone number provided by defendant. Mr. Casper informed me that he did not know defendant, had no knowledge about the address provided by defendant, and stated that the telephone number provided by defendant had instead belonged to Mr. Casper for "six or seven years."

9. On November 1, 2007, I personally left a substantively identical message with another telephone number ostensibly belonging to defendant, 917-882-1735, provided by the property manager of the premises subject to the Lease. I have not received any response to this message, and no personally identifying information was forthcoming from the automated message indicating that I could leave a voicemail.

10. The defendant has not answered the complaint and the time for the defendant to answer the complaint has expired.

11. Defendant is not a minor, mentally incompetent nor in the Military service of the United States. On or about November 9, 2007 I personally ran searches on the Department of Defense's Manpower Data Center website to determine defendant's Military status. Using the social security number provided by defendant when executing the Guarantee,

3

as well as both permutations of his name (i.e., Hua Lin and Lin Hua), both results demonstrate that defendant is not currently on active duty with the United States Military. Copies of the certificates demonstrating the lack of defendant's active duty Military status are annexed hereto as Exhibit C.

14. On November 19, 2007, upon the application of plaintiff, the Clerk of the Court issued a Clerk's Certificate of Default. A copy of the Clerk's Certificate of Default is annexed hereto as Exhibit D.

15. Annexed hereto as Exhibit E is a proposed form of default judgment.

Dated: New York, New York
      January 16, 2008

                                                           Gordon Christopher Harriss

Sworn to me this 16
Day of January, 2008

Notary Public

ROBIN TEEL
Notary Public, State of New York
No. 01TE6140954
Qualified in New York County
Commission Expires February 13, 2010